**Candace F. West**
**Mark Phares**
Special Assistant Attorneys General
State of Montana DNRC
**William A. Schenk**
Special Assistant Attorney General
State of Montana DFWP
1625 E. 11th Ave.
Helena, MT 59620
(406) 444-2074
cwest@mt.gov
bschenk@mt.gov
　　　　Counsel for Amicus

FILED
JAN 25 2012
PATRICK E. DUFFY, CLK.
By_____
DEPUTY CLERK, HELENA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit Organization; ALLIANCE FOR THE WILD ROCKIES, a non-profit organization; MONTANA ECOSYSTEMS DEFENSE COUNCIL, a non-profit organization; and The NATIVE ECOSYSTEMS COUNCIL, a Non-profit organization, <br><br>　　　　Plaintiffs<br>vs<br><br>DEBORAH L.R. AUSTIN, in her official capacity As Forest Supervisor for the Lolo National Forest; LESLIE WELDON, in her official capacity as Regional forester for the United States Forest Service, Region One; the UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; ROWAN W. GOULD, in his official capacity as acting Director of the U.S. Fish & Wildlife Service; the UNITED STATES FISH & WILDLIFE SERVICE, An agency of the United States Department of the Interior,<br>　　　　Defendants. | CV 11-125-M-DWM<br><br>BRIEF IN SUPPORT OF UNOPPOSED MOTION OF MONTANA DNRC & MONTANA DFWP FOR LEAVE TO FILE AMICUS BRIEF |

1

## I. INTRODUCTION

Montana Department of Natural Resources & Conservation and Montana Department of Fish, Wildlife & Parks have jointly moved the Court for leave pursuant to Local Rule 7.5(a) to file an Amicus brief in support of the United States Forest Service and United States Fish & Wildlife Service determination in the collaborative administrative process below to undertake the Colt Summit Restoration and Fuels Reduction Project in Montana. This brief is submitted to support the motion for leave to file. All counsel for parties have been contacted, Plaintiffs do not oppose the motion and the United States takes no position on the matter.

## II. AMICUS INTEREST IN THIS MATTER

The two agencies of the State of Montana making this request to file an amicus brief do so because they have an independent duty to the citizens of the state under state law to protect our forest resources and wildlife habitat, and protect our citizens from fire hazards. That duty to Montana Citizens is supported by the outcomes of the Colt Summit project's projected benefits to the forestry and wildlife resources of the state.

Montana's Department of Natural Resources and Conservation (DNRC) is required by § 76-13-104 M.C.A. under state law to "ensure the protection of land under state and private ownership and to suppress wildfires on land under state and

private ownership." Furthermore the DNRC is required to cooperate with all public and other agencies in the development, protection, and conservation of the forest, range and water resources of the state. Since enactment by the 2007 legislature, it has been a priority of the legislature "to minimize property and resource loss resulting from wildfire," and furthermore, that "sound forest management activities to reduce fire risk, such as thinning, prescribed burning, and insect and disease treatments, improve the overall diversity and vigor of forested landscapes and improve condition of related water, wildlife, recreation, and aesthetic resources," and that "development of fire protection guidelines for the wildland-urban interface is critical to improving public safety and for reducing risk and loss." See, §76-13-115 M.C.A. Those duties which fall upon the DNRC require the agency to work cooperatively with all forest resource entities to meet the legislative goals and priorities. One step in protecting the forest resource and improving public safety and reducing risk and loss is for the State of Montana, through the DNRC, to join in collaborative fuels reduction and restoration projects of the very nature at issue here. Reduction of dangerous fuels from diseased and dead stands, particularly where fuel stands are in close proximity to homes and other structures, is a critical aspect of protecting private and state property in Montana and ensuring the safety of its citizens.

The State of Montana, through both its Department of Fish, Wildlife and Parks (DFWP) and Fish, Wildlife and Parks Commission, has specific statutory mandates for the supervision, management, and regulation of wildlife and wildlife habitat. See, Mont. Code Ann. §§ 87-1-201 and 87-1-301. DFWP is also authorized under § 87-1-709 M.C.A. to cooperate with the United States and enter into agreements for wildlife restoration and for the purpose of carrying on any wildlife restoration project. Furthermore, both Montana DNRC and DFWP have significant interest in protecting the collaborative process along with protecting the resources involved in the project.

These Montana agency duties relative to fire protection and suppression and wildlife habitat are distinct from the interests of the duties of the United States and are best presented as a separate amicus perspective to assist the court in its review of the issues in this matter.

### III. AMICUS BRIEF IS RELEVANT AND DESIRABLE

In matters before the court that involve issues of collaboration, along with both knowledge and expertise regarding the resources, the court may find significant value in the presentations and perspectives an amicus brief may provide. Even though the outcome regarding the Colt Summit Project is supported by the laws and regulations of the State of Montana, the state may provide that perspective from the view of its unique obligations to its citizens—all of which

will inure to the benefit of the considered analysis that must be undertaken by this court. The perspective of the issues and the merits of the decision that will be provided by the state should be a valuable tool for the court.

## IV. TIMING OF AMICUS BRIEF

The State of Montana DNRC and DFWP represent to the Court that they will comply will the briefing schedule and the relevant deadline of February 27, 2012, for filing amicus in support of the project in this matter.

## V. CONCLUSION

For the reasons stated above and with its desire to provide views on the merits as a friend of the court, the Montana DNRC and DFWP request that the Court grant their motion for leave to file an amicus brief in this matter.

Respectfully submitted this 25th day of January, 2012.

By _Candace F. West_
Candace F. West
Mark C. Phares
Special Assistant Attorneys General
Montana Department of Natural
    Resources & Conservation

By _William A. Schenk_
William A. Schenk
Special Assistant Attorney General
Montana Department of Fish,
    Wildlife & Parks

Counsel for proposed *amici curaie*

## CERTIFICATE OF SERVICE

I certify that on January 25, 2012, I served a copy of the foregoing Brief in Support of Unopposed Motion for Leave to File Amicus Brief via first class mail and electronic mail on the following:

Matthew Bishop
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
bishop@westernlaw.org

Mark Smith
9 United States Department of Justice
105 E. Pine Street
Missoula, MT
marksmith3@usdoj.gov

By _Candace S. West_

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

I certify that this brief contains 851 words, exclusive of caption and certificates of service and compliance.

By _Candace S. West_