IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit organization, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br><br>DEBORAH L.R. AUSTIN, in her official capacity as Forest Supervisor for the Lolo National Forest, et al.,<br><br>Federal-Defendants. | 9:11-cv-00125-DWM<br><br><br><br><br>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COSTS AND OTHER EXPENSES |

Plaintiffs, Friends of the Wild Swan et al., hereby respectfully file this motion for attorneys' fees, costs, and other expenses under the Equal Access to Justice Act ("EAJA"), 24 U.S.C. § 2412. Plaintiffs are filing this motion in order to comply with the requirements of EAJA.[1]

On July 11, 2012, this Court issued an order and final judgment granting in part and denying in part Plaintiffs' motion for summary judgment, remanding the matter to the Forest Service to prepare a supplemental environmental assessment,

---

[1] Under EAJA, an application for attorneys' fees, costs and other expenses must be filed within 30 days of final judgment. 28 U.S.C. § 2412 (d)(1)(B). A final judgment means a "judgement that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412 (d)(2)(G).

1

and enjoining Federal-Defendants, the U.S. Forest Service, from implementing the Colt Summit project while the proceedings required on remand are pending. Plaintiffs are therefore a prevailing party entitled to an award under EAJA and the position of the Forest Service in this matter was not "substantially justified." *See* 24 U.S.C. § 2412 (d)(2)(H). Plaintiffs are also eligible to receive an award of fees, costs, and other expenses under EAJA because all Plaintiffs in this matter are non-profit organizations exempt from taxation under § 501 (c)(3) of the Internal Revenue Code. *See* 24 U.S.C. § 2412 (d)(2)(B).

Because Plaintiffs and the Forest Service are currently engaged in settlement discussions over this motion for attorneys' fees and costs, Plaintiffs are only filing this bare-bones motion (without providing detailed time sheets or specifics as to total amount requested, hours expended, rates sought, or expenses incurred) in order to protect its ability to seek an EAJA award if settlement discussions do not prove fruitful. To accommodate these settlement discussions, Plaintiffs are concurrently filing a joint motion to stay all briefing and submission of additional materials in support of this motion for 60 days.

Respectfully submitted this 24th day of September, 2012.

/s/ Matthew Bishop
Matthew K. Bishop
Western Environmental Law Center

103 Reeder's Alley  
Helena, MT 59601  
(406) 324-8011 (tel.)  
(406) 443-6305 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2012, I filed a copy of this document electronically through the CM/ECF system, which caused all counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Matthew K. Bishop  
Matthew K. Bishop