Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, ALLIANCE FOR THE WILD ROCKIES, MONTANA ECOSYSTEMS DEFENSE COUNCIL, and NATIVE ECOSYSTEMS COUNCIL,<br><br>    Plaintiffs,<br>vs.<br><br>DEBORAH AUSTIN, Lolo National Forest Supervisor, LESLIE WELDON, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, ROWAN GOULD, Acting Director of U.S. Fish & Wildlife Service, and UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>    Defendants | CV-11-125-M-DWM<br><br>BRIEF IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT |

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  The Judgment should be altered or amended because the Court "made its prior decision without considering the legal standards" for injunctive relief from *Cottonwood*, which constitutes clear error. . . . . . . . . . . . . 2

    B.  The Judgment should be altered or amended because of an intervening change in controlling law - the Ninth Circuit's November 1, 2016 Order in *Alliance for the Wild Rockies v. Christiansen*. . . . . . . . . . . . 4

    C.  The Judgment should be altered or amended because of an intervening change in controlling law - the Supreme Court's October 11, 2016 denial of the Forest Service's petition for a writ of certiorari in *Cottonwood* and the subsequent triggering of ESA Section 7(d). . . . . 7

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

I. INTRODUCTION

Plaintiffs Friends of the Wild Swan, Alliance for the Wild Rockies, Native Ecosystems Council, and Montana Ecosystems Defense Council hereby respectfully move the Court pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Order and Judgment entered in this case on October 6, 2016, Docs. 111 & 112, to grant Plaintiffs' request for temporary injunctive relief of the Colt Summit Project until the Defendants have completed ESA Section 7 consultation on the Northern Rockies Lynx Management Direction (Lynx Amendment).

As set forth more fully below, alteration or amendment is appropriate in this case for the following reasons: (1) the Order did not apply the injunctive relief test from *Cottonwood v. USFS*, which constitutes clear error of law; (2) on November 1, 2016, the Ninth Circuit issued an order that undermines the *Savage* decision on which the Order & Judgment rely; and (3) on October 11, 2016, the Supreme Court denied the Forest Service's petition for a writ of certiorari in *Cottonwood*, which means that ESA Section 7 reconsultation on the Lynx Amendment is no longer stayed and must be reinitiated now, which triggers injunctive relief under ESA Section 7(d).

II. ARGUMENT

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district

1

court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Failure to apply controlling precedent constitutes clear error of law:

> It is common for both trial and appellate courts to reconsider and change positions when they conclude that they made a mistake. This is routine in judging, and there is nothing odd or improper about it. A trial court may reconsider and reach a conclusion contrary to an earlier decision, and a paradigmatic example of when this should be done is when the court made its prior decision without considering the legal standards in a controlling opinion . . . .

*Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *see also Hadsell v. CACH, LLC,* 2014 WL 497433 at *6 (S.D. Cal. 2014) (altering judgment because "the Court committed clear error in failing to address Defendants' meritorious argument . . . .").

**A.  The Judgment should be altered or amended because the Court "made its prior decision without considering the legal standards" for injunctive relief from *Cottonwood*, which constitutes clear error.**

A judgment should be altered or amended if "the district court committed clear error . . . ." *Zimmerman*, 255 F.3d at 740. "[A] paradigmatic example of when this should be done is when the court made its prior decision without considering the legal standards in a controlling opinion . . . ." *Smith*, 727 F.3d at

2

955.

In this case, the controlling opinion on the issue of when injunctive relief should be granted is *Cottonwood*. *Cottonwood Envtl. Law Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075 (9th Cir. 2015). In *Cottonwood*, the Ninth Circuit held that the Forest Service must reinitiate ESA Section 7 consultation on the Lynx Amendment, and it held that injunctive relief should be granted while Lynx Amendment consultation is pending if a plaintiff shows that "specific projects will likely cause irreparable damage to its members' interests." 789 F.3d at 1092. Moreover, "establishing irreparable injury should not be an onerous task for plaintiffs." *Id.* In this case, Plaintiffs briefed this issue at Doc. 100 at 16-20 and Doc. 107 at 8-11.

The October 6, 2016 Order does not disclose or apply the controlling standard for injunctive relief from *Cottonwood*, which requires only that a plaintiff shows that "specific projects will likely cause irreparable damage to its members' interests." 789 F.3d at 1092; *see* Doc. 111. Accordingly, the October 6, 2016 Order is clearly erroneous because "the court made its prior decision without considering the legal standards in a controlling opinion . . . ." *Smith*, 727 F.3d at 955.[1]

---

[1] The October 6, 2016 Order also does not address ESA Section 7(d), which is addressed below in Section (II)(C). Doc. 111.

3

On these grounds, the Judgment should be altered or amended. *Id.*

**B. The Judgment should be altered or amended because of an intervening change in controlling law - the Ninth Circuit's November 1, 2016 Order in *Alliance for the Wild Rockies v. Christiansen*.**

A judgment should be altered or amended if there is an "intervening change in controlling law." *Zimmerman*, 255 F.3d at 740. On November 1, 2016, the Ninth Circuit issued an order that is pertinent to this case. In *Alliance for the Wild Rockies v. Christiansen*, Ninth Circuit Case Nos.14-35069, 14-35123, Doc. 60-1, the Ninth Circuit again held that the Forest Service must reinitiate ESA consultation on the Lynx Amendment, and it again set forth the appropriate test for injunctive relief:

> For alleged ESA violations, the traditional preliminary injunction standard does not apply. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 545 (1987); *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 194 (1978); *Cottonwood*, 789 F.3d at 1088, 1090. Rather, Plaintiffs must only show they have or will suffer an irreparable injury to obtain injunctive relief. *Cottonwood*, 789 F.3d at 1091. Although the district court erred in applying a burden shifting approach and presuming irreparable injury, *see id.*, the error was harmless, as we are satisfied from the record that Plaintiffs have suffered such an injury. Plaintiffs use the project areas for wildlife viewing, and the projects will clearly cause harm to significant portions of lynx habitat. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (finding irreparable injury where plaintiffs' recreational use of a forest was harmed by logging that impacted portions of the forest). This injury supports injunctive relief.

Exhibit A (emphasis added).

4

This order is significant for three reasons. First, this order affirms the *Cottonwood* injunctive relief standard: "Plaintiffs must only show they have or will suffer an irreparable injury to obtain injunctive relief." *Id* (citing *Cottonwood*). Second, this order finds that this Court's prior approach to assessing injunctive relief as set forth in the district court opinion in *Alliance for the Wild Rockies v. Krueger,* 950 F.Supp.2d 1196 (D. Mont. 2013) was erroneous: "the district court erred in applying a burden shifting approach . . . ." Exhibit A. Finally, this order affirms that a timber sale constitutes irreparable harm, and that the appropriate case to apply to assess whether there is irreparable harm is the Ninth Circuit's opinion in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). Exhibit A.

Although the Ninth Circuit's order in *Christiansen* is a memorandum disposition that is "not precedent," the order still "may be cited" to this Court. Ninth Circuit Rule 36-3. In this case, the *Christiansen* order has a controlling effect not because it is "precedent," but because the Court's October 6, 2016 Order relied primarily on the reasoning in the Court's opinion in *Alliance for the Wild Rockies v. Savage,* 2016 WL 3951362 (D. Mont. 2016). Doc. 111 at 5. In turn, *Savage* relied upon the reasoning from the district court opinion in *Christiansen* (*Alliance v. Krueger*), which is an approach that the Ninth Circuit has now found to be erroneous. Exhibit A. In *Savage*, the Court stated:

5

> the government has filed a petition for writ of certiorari with the United States Supreme Court with regard to *Cottonwood*, which in turn led the Ninth Circuit to vacate submission of *Alliance v. Krueger* - the first case in which this Court articulated the above-described practice Plaintiff challenges here - on May 17, 2016. *See Alliance for the Wild Rockies, et al. v. Christensen, et al.*, No. 14-35123, Doc. 50 (9th Cir. May 17, 2016). The Ninth Circuit will more squarely address this issue in its opinion in *Alliance v. Krueger*, and the undersigned will await a more direct answer before abandoning what has now become the analytical framework in cases involving timber projects in lynx habitat.

*Savage*, 2016 WL 3951362 at *10.

The Ninth Circuit has now issued a "more direct answer," *see id.*, in *Alliance v. Krueger/Christiansen*, and that answer is that "the district court erred" in its approach to injunctive relief. Exhibit A. Thus, because the validity of *Savage* is premised upon the validity of *Krueger/Christiansen*, 2016 WL 3951362 at *10, and because the Ninth Circuit has now stated that the *Krueger/Christiansen* district court approach was erroneous, Exhibit A, reliance on *Savage* is no longer warranted. For this reason, the Court should reconsider its reliance on *Savage* and its finding that the "decision in *Savage* remains persuasive." Doc. 111 at n.1.

In sum, post-*Savage*, the Ninth Circuit has clarified that "Plaintiffs must only show they have or will suffer an irreparable injury to obtain injunctive relief." Exhibit A. Just as Plaintiffs met this standard with the logging at issue in *Christiansen*, Exhibit A, they have also met this standard for the logging at issue in

6

this case. *See* Doc. 100 at 16-20 and Doc. 107 at 8-11.

    For these reasons, the Judgment should be altered or amended.

**C. The Judgment should be altered or amended because of an intervening change in controlling law - the Supreme Court's October 11, 2016 denial of the Forest Service's petition for a writ of certiorari in *Cottonwood* and the subsequent triggering of ESA Section 7(d).**

    As discussed above, a judgment should be altered or amended if there is an "intervening change in controlling law." *Zimmerman*, 255 F.3d at 740. On October 11, 2016, the Supreme Court denied the Forest Service's petition for a writ of certiorari in *Cottonwood*. *U.S. Forest Service v. Cottonwood Environmental Law Center*, 2016 WL 2840129 (Oct. 11, 2016). During the appellate proceedings in *Cottonwood* and *Christiansen*, the Ninth Circuit and this Court had issued stays of the ordered reconsultation on the Lynx Amendment. *See Christiansen*, CV-12-55-DLC, Doc. 65 (August 6, 2014)(Exhibit B); *Cottonwood*, 9th Cir. Nos. 13-35624, 13-35631, Doc. 38 (March 11, 2014)(Exhibit C). Now that the cert petition in *Cottonwood* has been denied, 2016 WL 2840129, and the appellate proceedings in *Christiansen* have been resolved, Exhibit A, the stay is no longer in place and the agencies must commence reconsultation on the Lynx Amendment.

    The Forest Service now concedes that it must reinitiate ESA consultation: "We . . . agree that . . . the Forest Service must reinitiate Section 7 consultation

7

under Endangered Species Act (ESA) on the Lynx Amendments." *Alliance v. Christiansen*, 9th Cir. Nos. 14-35069, 14-35123, Doc. 57 (October 20, 2016) (Exhibit D).[2] The commencement of reconsultation on the Lynx Amendment triggers ESA Section 7(d), which is an intervening change in controlling law. In its October 6, 2016 Order, the Court did not address ESA Section 7(d). Doc. 111.

ESA Section 7(d) mandates:

(d) Limitation on commitment of resources

After initiation of consultation required under subsection (a) (2) of this section, the Federal agency and the permit or license applicant shall not make any irreversible or irretrievable commitment of resources with respect to the agency action which has the effect of foreclosing the formulation or implementation of any reasonable and prudent alternative measures which would not violate subsection (a) (2) of this section.

16 U.S.C. §1536(d). It is well-established law that "timber sales constitute per se irreversible and irretrievable commitments of resources under [ESA] §7(d) . . . ." *Pac. Rivers Council v. Thomas*, 30 F.3d 1050,1057 (9th Cir.1994). Thus,

---

[2] Plaintiffs note that in this letter that the Forest Service filed in *Christiansen*, the Forest Service argued that no injunction was warranted because the project-level assessment of critical habitat was sufficient: "the project-level biological opinions addressed lynx critical habitat and examined each projects' potential effects, individually and cumulatively, on designated critical habitat at both the project scale and that of the whole Critical Habitat Unit, including analysis of each affected Primary Constituent Element (PCE) of lynx critical habitat." *Christiansen*, 9th Cir. Nos. 14-35069, 14-35123, Doc. 57. The Ninth Circuit rejected this argument by finding that injunctive relief was warranted. Exhibit A.

"individual [timber]sales cannot go forward until the consultation process is complete on the underlying plans which the agency uses to drive their development." *Lane Cnty. Audubon Soc. v. Jamison*, 958 F.2d 290, 295 (9th Cir. 1992).

Now that ESA Section 7(d) has been triggered by the dissolution of the stay of reinitiation of consultation, in accordance with binding Ninth Circuit precedent, the Colt Summit Project "cannot go forward until the consultation process is complete on the underlying" Lynx Amendment, which is part of the "underlying [forest] plan[] which the agency uses to drive [timber sale] development." *Jamison*, 958 F.2d at 295; *Pac. Rivers*, 30 F.3d at 1057.

For these reasons, the Judgment should be altered or amended.

## III. CONCLUSION

For all of the reasons set forth above and in prior briefing, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to alter or amend judgment to temporarily enjoin the Colt Summit Project until reconsultation on the Lynx Amendment is complete. As disclosed in prior filings by the Forest Service, the reconsultation period should last only six months, which is not an unreasonable delay. *See* Doc. 107-1, ¶7.

9

Respectfully submitted this 2nd Day of November, 2016.

>*/s/ Rebecca K. Smith*
>Rebecca K. Smith
>PUBLIC INTEREST DEFENSE CENTER, P.C.
>
>Attorney for Plaintiffs

CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is 2,211 words, excluding the caption, signature blocks, table of contents, and certificate of compliance.

>*/s/ Rebecca K. Smith*
>Rebecca K. Smith
>PUBLIC INTEREST DEFENSE CENTER, P.C.
>Attorney for Plaintiffs