IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

DEC 09 2016

Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| FRIENDS OF THE WILD SWAN, a non-profit organization; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TIM GARCIA, in his official capacity as Forest Supervisor for the Lolo National Forest; et al., <br><br> Defendants. | CV 11–125–M–DWM <br><br><br> ORDER |

On October 6, 2016, this Court issued an Opinion and Order holding that the defendants' conclusion that the Colt Summit Project is not likely to adversely affect the lynx and lynx critical habitat was reasonable and supported by independent facts and analyses—rending any reliance on the Lynx Amendments harmless—and that the agencies met their obligations under Section 7 of the Endangered Species Act ("ESA"). (Doc. 111.) Judgment was entered in favor of the defendants. (Doc. 112.) Plaintiffs Friends of the Wild Swan, Alliance for the Wild Rockies, Montana Ecosystem Defense Council, and Native Ecosystems Council (collectively "Plaintiffs") seek to alter or amend that judgment on the

1

grounds that the Court committed clear error by failing to consider the legal standard for injunctive relief and that an intervening change in controlling law occurred in the Ninth Circuit's November 1, 2016 Order in *Alliance for the Wild Rockies v. Christiansen*, and in the Supreme Court's October 11, 2016 denial of the Forest Service's petition for writ of certiorari in *Cottonwood Environmental Law Center v. United States Forest Service*, 789 F.3d 1075 (9th Cir. 2015). (Doc. 113.) Plaintiffs' motion is denied.

"Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Plaintiffs face a "high hurdle," as "[j]udgment is not properly reopened absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (internal quotation marks omitted). While presented within the framework of Rule 59(e), Plaintiffs' motion attempts to re-litigate arguments previously considered and rejected in this Court's October 6 Order. Because the agencies met their Section 7 obligations, this Court did not clearly err in failing to address injunctive relief. Moreover, neither the order in *Christiansen* nor the denial of certiorari in *Cottonwood* amounts to an intervening

2

change in controlling law, see *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 223-24 (discussing the "spectrum" of what amounts to a change in controlling law), and, as previously discussed, neither creates a *per se* rule for enjoining projects pending reconsultation.[1] Nor does Section 7(d) mandate such a result in this case.

Accordingly, IT IS ORDERED that Plaintiffs' motion (Doc. 113) is DENIED.

Dated this 9th day of December, 2016.

Donald W. Molloy, District Judge
United States District Court

---

[1] While reconsideration here is not appropriate, further development of this issue may be informative elsewhere. *See Alliance for the Wild Rockies v. Marten*, CV 15-99-M-BMM, Doc. 66 (D. Mont. November 22, 2016).